**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA, :
:
v. : CASE NO.: 1:23-CR-21 (LAG)
:
LUCIUS LAMAR WILLIAMS, :
:
Defendant. :
:

## ORDER

Before the Court is Defendant's Unopposed Motion to be Provided a Copy of his Presentence Investigation Report. (Doc. 222). On July 30, 2026, the Court addressed Defendant's previous request for a copy of the Presentence Investigation Report (PSR) during a hearing on Defense Counsel's Motion to Withdraw as Attorney. (Docs. 211, 216). During the July 2026 hearing, Defense Counsel advised the Court that she was seeking to withdraw because communication had broken down because Defendant wanted Defense Counsel to treat a non-lawyer third-party as part of the defense team. Defendant advised that he would like this third-party to review the PSR and consult with his court-appointed counsel in preparation for the sentencing. The Court explained that this third-party could not provide legal advice and that Defense Counsel, properly, was not consulting with this third-party on Defendant's case. After this discussion, Defendant agreed that he wanted to proceed with appointed Counsel, and the Court denied the Motion to Withdraw. (Doc. 216). The Court further declined to order that Defendant be given a copy of the PSR, but explained that, if Defendant still wanted a copy of the PSR after Defense Counsel reviewed the PSR with Defendant, the Court would consider a motion to provide such a copy. The Court expects that, per standard practice and this Court's instruction, Defense Counsel reviewed the Draft PSR with Defendant. Defendant now seeks a copy of the PSR that he can keep.

The Eleventh Circuit has stated "that a sentencing court must order a PS[R] and must provide the defendant with the PS[R] before sentencing so that the defendant has sufficient notice." *U.S. v. Adamson*, 237 Fed. Appx. 492, 494 (11th Cir. 2007) (unpublished). Providing an in-custody defendant with a copy of his PSR, however, is not without restrictions and security considerations. "PSRs are confidential reports created by an arm of the court and designed for use by a judge in reaching a fair sentence." *U.S. of Am. v. Pendleton*, 832 F.3d 934, 940 (8th Cir. 2016) (citing *United States v. Dingle*, 546 F.2d 1378, 1381 (10th Cir. 1976)). Furthermore, PSRs "are not public and should not be disclosed to third persons absent a demonstration that disclosure is required to meet the ends of justice." *Id*. at 941 (quotation and citation omitted).

Defendant's Motion is **GRANTED**. Defendant shall be provided a copy of the Presentence Investigation Report (Doc. 224) with redactions approved by the Court.[1]

**SO ORDERED**, this 10th day of November, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

[1] The redacted PSR is filed herewith with restricted access.